Daniel, Judge.
 

 In the indenture of apprenticeship on which this action is brought, the defendant covenanted to teach the apprentice to “ read, write and cypher, according to law;” meaning thereby to bind himself to perform the duty required by the act of 1762,
 
 (Rev. ch.
 
 69, sec. 19.) This act, among other things, requires, that the master or mistress “ shall teach, or cause him or her (the apprentice) to be taught to read and write.” The engagement to teach, or cause the apprentice to be taught to read and write, is not an engagement that the apprentice will, or shall learn to read and write. The legislature did not mean to make the master or mistress an insurer of these improvements of the mind of the apprentice. All that is required, is a diligent and faithful exercise of the means necessary to effectuate the objects mentioned in the covenant. If the apprentice is incapacitated to acquire the knowledge of reading and writing, after due means have been taken to teach him, the covenant is not broken. The judge charged the jury, that the covenant was positive and unconditional, to learn the apprentice to read and write, and if, at the end of the apprenticeship, he could not do these things, the covenant was broken, and the relator was entitled to recover, although the apprentice was incapacitated to learn; that the circumstance of incapacity only went to mitigate damages. The case of
 
 Clancy
 
 v.
 
 Overman, (ante,
 
 vol. 1,402,) is in conflict with this opinion of the judge, and seems to us to govern this case. We are of opinion, that a new trial should be granted.
 

 Per Curiam. , Judgment reversed.